# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 12-545V
Filed: July 27, 2015
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ALMA JOAN COKER, on Behalf of the Estate of GEORGE ELLIS COKER, | \* \* \* | |
| Petitioner, | \* \* \* | |
| v. | \* \* \* | Damages decision based on stipulation; influenza (flu) vaccine; Guillain-Barré Syndrome (GBS); death |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* | |
| Respondent. | \* \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jessica W. Hayes, New Orleans, LA, for petitioner.
Traci R. Patton, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

On July 27, 2015, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges that her husband, George Ellis Coker, developed Guillain-Barré Syndrome ("GBS") and subsequently died as a result of his October 20, 2009 receipt of influenza ("flu") vaccine. Respondent denies that the flu vaccine caused Mr. Coker's alleged GBS, any other injury, or his death. Nonetheless, the parties agreed

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

to resolve this matter informally.

The undersigned finds the terms of the stipulation to be reasonable. The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein. Pursuant to the stipulation, the court awards a lump sum of **$115,000.00**, representing reimbursement for all damages that would be available under 42 U.S.C. § 300aa-15(a) (2012). The award shall be in the form of a check payable to petitioner in the amount of **$115,000.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: July 27, 2015     s/ Laura D. Millman
                         Laura D. Millman
                         Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ALMA JOAN COKER, on Behalf of the Estate of GEORGE ELLIS COKER, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 12-545V <br> Special Master Millman <br> ECF |

1. Alma Joan Coker ("petitioner"), on behalf of the estate of George Ellis Coker ("Mr. Coker"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Mr. Coker's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Coker received the flu vaccine on October 20, 2009.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Mr. Coker subsequently developed Guillain-Barré Syndrome ("GBS") and later died as a result of his GBS. Petitioner alleges that Mr. Coker's GBS and death were caused-in-fact by his receipt of the influenza vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Coker as a result of his alleged condition or his death.

6. Respondent denies that the flu vaccine caused Mr. Coker's alleged GBS, any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $115,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq.), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

2

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as executor of Mr. Coker's estate under the laws of the State of Louisiana. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as executor of Mr. Coker's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as executor of the estate of George Ellis Coker at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as executor of the estate of George Ellis Coker upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of the estate of Mr. Coker, and on behalf of the estate's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the Secretary of Health and Human Services and the United States of America from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to, or death of, Mr. Coker resulting from, or alleged to have resulted from, the influenza vaccine administered on October 20, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about August 28, 2012, in the United States Court of Federal Claims as petition No. 12-545V.

3

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States of America or the Secretary of Health and Human Services that Mr. Coker's alleged injury and death, or any other injury or condition, were caused-in-fact by the influenza vaccine.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, successors and/or assigns, as legal representatives of the estate of Mr. Coker.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*[signature]*
ALMA JOAN COKER

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*
JESSICA W. HAYES
MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Tel: (504) 525-8100

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*[signature]*
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury Compensation
  Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*
TRACI R. PATTON
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-1589

DATE: July 27, 2015