# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 12-545V
Filed: September 9, 2016
Not for Publication

************************************
ALMA JOAN COKER, on Behalf of the   *
Estate of GEORGE ELLIS COKER,       *
                                    *
        Petitioner,                 *
                                    *   Attorneys' fees and costs decision;
v.                                  *   reasonable attorneys' fees and costs;
                                    *   hours reasonably expended
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
        Respondent.                 *
                                    *
************************************

Jessica W. Hayes, New Orleans, LA, for petitioner.
Traci R. Patton, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' COSTS[1]

On August 28, 2012, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged that her husband developed Guillain-Barré syndrome ("GBS") and subsequently died as a result of his receipt of the influenza ("flu") vaccine on October 20, 2009. On July 27, 2015, the undersigned issued a damages decision in this case pursuant to the parties' stipulation, awarding petitioner $115,000.00 in compensation.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On March 10, 2016, petitioner filed a motion for attorneys' fees and costs. On March 11, 2016, the undersigned ordered petitioner to file a supplemental motion for attorneys' fees and costs, because petitioner's original motion did not provide the total amount petitioner was requesting. On March 18, 2016, petitioner filed a supplemental motion for attorneys' fees and costs. Petitioner requested attorneys' fees in the amount of $51,232.50 and attorneys' costs in the amount of $8,488.79, for a total request of $59,721.29.

On March 24, 2016, respondent filed a response to petitioner's motion explaining that she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2 n.2(a). However, respondent states that her "estimation of reasonable attorneys' fees and costs for the present case roughly falls between $35,000.00 and $40,000.00." Id. at n.2(b). Respondent bases this estimate on her "judgment and experience in similar cases under the Vaccine Act." Id.

On April 13, 2016, petitioner filed a reply to respondent's response to her application for attorneys' fees and costs. In her reply, petitioner objects to respondent's method of estimating fees without "cit[ing] to any particular case supporting the estimate . . . [or] rais[ing] any specific objections to the hourly rate, hours expended, or costs." Reply at 2. Petitioner argues that the hourly rate she requests for her attorney, the number of hours her attorney expended on the case, and the requested costs are reasonable.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Respondent bases her range on "experience in similar cases under the Vaccine Act." The undersigned does not find respondent's argument persuasive. It is not necessarily instructive to compare cases involving similar procedural histories in order to determine the appropriate amount of attorneys' fees and costs. Each case in the Vaccine Program is different. Even petitioners alleging the same vaccine injury may have vastly dissimilar medical histories, and, consequently, different numbers of medical records petitioners' attorneys need to locate, file, and review.

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that the majority of petitioner's attorneys' fees and costs request is reasonable. However, she finds that the amount petitioner requests for her attorney's review of her expert report is excessive. Petitioner's attorney billed 32.10 hours for "[r]eview of expert report materials." Fee App. Ex 1, at 3. Petitioner's expert report from Dr. Steinman is 16 pages long. He cites to 16 articles in the report, which total 162 pages. Therefore, petitioner's counsel took 32.10 hours to review 178 pages, which means she billed $495 for the 1.8 hours it took her to

review each page.   The undersigned finds that the time billed for this review is excessive. Therefore, she will reduce the amount awarded for petitioner's attorney's review of the expert report by 75%.   Accordingly, the undersigned reduces the amount she awards for attorneys' fees and costs by **$6,620.63**.

The undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs. Accordingly, the court awards **$53,100.66**, representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioner and Murray Law Firm in the amount of **$53,100.66**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: September 9, 2016                                                              s/ Laura D. Millman
                                                                                                       Laura D. Millman
                                                                                                       Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.